1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   DAVID E. LONG, SB# 110861
2    E-Mail: long@lbbslaw.com
   PATRIK L. JOHANSSON, SB# 231769
3    E-Mail: johansson@lbbslaw.com
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Defendant, TURBO DATA
   SYSTEMS, INC.
7

8              UNITED STATES DISTRICT COURT

9     CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

11 | DONALD G. NORRIS,                          | CASE NO. SACV11-01040AG (RNBx)
12 |          Plaintiff,                        |
   |                                            | Honorable Andrew J. Guilford
13 |     vs.                                    |
14 | TURBO DATA SYSTEMS, INC., and              | **DEFENDANT TURBO DATA
   | DOES 1-10, Inclusive,                      | SYSTEMS, INC.'S MOTION FOR
15 |                                            | SUMMARY JUDGMENT
   |          Defendants.                       | PURSUANT TO FEDERAL RULE
16 |                                            | OF CIVIL PROCEDURE;
   |                                            | MEMORANDUM OF POINTS AND
17 |                                            | AUTHORITIES IN SUPPORT
   |                                            | THEREOF**
18 |                                            |
19 |                                            | [Filed concurrently with Separate
   |                                            | Statement of Uncontroverted Facts anc
20 |                                            | Conclusions of Law; Compendium of
   |                                            | Exhibits; Declarations of Patrik
21 |                                            | Johansson, Elena Chavez and Roberta
   |                                            | Rosen; and [Proposed] Order]
22 |                                            |
23 |                                            | DATE:    May 28, 2012
   |                                            | TIME:    10:00 a.m.
24 |                                            | CRTRM:  10-D
25 |                                            |
   |                                            | Trial Date:    None Set
26 |                                            |
27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7135-3615.1

1   TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE that on May 28, 2012, at 10:00 a.m. in Courtroom

3   10-D of the United States District Court located at 411 West Fourth Street, Santa

4   Ana, California, the Honorable Andrew J. Guilford presiding, Turbo Data Systems,

5   Inc. ("Defendant"), will and hereby does, move for Summary Judgment pursuant to

6   Federal Rule of Civil Procedure 56 as to Plaintiff's entire Second Amended

7   Complaint ("SAC").

8   Defendant hereby requests that the Court grant its Motion for Summary

9   Judgment on the following grounds:

10      1.     The FDCPA does not apply because the subject debt is not a "consumer

11   debt" under the FDCPA.

12      2.     Defendant did not violate the FDCPA because Defendant never

13   received any dispute from Plaintiff.

14      4.     Any Alleged Violation by Defendant was not intentional and was

15   caused by a Bona fide error.

16      2.     Plaintiff's Claims are barred by the statute of limitations.

17   Defendant's Motion for Summary Judgment is based on this Notice, the

18   accompanying Memorandum of Points and Authorities, The Separate Statement of

19   Undisputed Material Fact, the Declarations of Roberta Rosen and Elena Chavez, any

20   matter of which the Court takes judicial notice, the pleadings in this action, such

21   further evidence and argument as may be presented at or before the hearing on this

22   matter.

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7135-3615.1

2

TURBO DATA SYSTEM'S, INC.'S MOTION FOR SUMMARY JUDGMENT

1

## CERTIFICATE OF COMPLIANCE

2         This motion is made following the conference of counsel pursuant to L.R. 7-

3   3.

4

5   DATED: April   , 2012           LEWIS BRISBOIS BISGAARD & SMITH LLP

6

7

8                                   By:       /s/ Patrik Johansson

Patrik Johansson

9                                     Attorneys for Defendant, TURBO DATA

10                                     SYSTEMS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................1

II.     STATEMENT OF FACTS ..................................................................1

        A.    Plaintiff's Vehicle Receives Two Citations Authorized By
              *California Vehicle Code Section* 21113 .....................................1

        B.    Defendant Has No Involvement With The Amount Of The
              Fine Or The Parking Signs ...........................................................2

        C.    Defendant Has Procedures In Place To Make Certain That
              Dispute Letters Are Properly Dealt With ....................................3

        D.    Defendant's Procedures Have Worked Very Well ........................4

        E.    Plaintiff Knew or Should Have Known About Alleged
              Violations More Than  One Year Prior To Filing Suit ................4

III.    STANDARD FOR MOTION FOR SUMMARY JUDGMENT .................5

IV.     DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AS
        TO PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF
        THE FDCPA .......................................................................................5

        A.    The FDCPA Is Only Applicable If The Dispute Involves a
              Debt Within The Meaning Of The Statute ...................................5

        B.    Parking Tickets Are Generally Not Debts Under The FDCPA ........6

              1.    The Parking Citation In The Present Matter Is Not
                    Debt Within the FDCPA ....................................................8

        C.    Defendant's Collection Letters Does Not Establish That
              Plaintiff's Parking Ticket Was a Consumer Debt ......................10

        D.    If The Debt In The Current Matter is Held To Be A Debt
              pursuant to the FDCP, All Parking Tickets In California
              Would Be Debts Pursuant to the FDCPA ....................................11

V.      EVEN IF THE DEBT WAS A CONSUMER DEBT, WHICH IT IS
        NOT, DEFENDANT DID NOT VIOLATE THE FDCPA
        BECAUSE DEFENDANT NEVER RECEIVED PLAINTIFF'S
        ALLEGED DISPUTE LETTER ...........................................................11

        A.    Defendant Can Rebut The Mailbox Rule ...................................12

        B.    Even If Defendant Cannot Rebut The Mailbox Rule,
              Defendant Is Protected By The Bonafide Error Defense .............14

        C.    Plaintiff's FDCPA Claim Is Also Barred By The FDCPA's
              One Year Statute Of Limitations ................................................14

V.      CONCLUSION ..................................................................................15

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## CASES

2 **Federal** <div style="float:right">**Page**</div>

3 *Boosada v. Providence Dane, LLC.*
    2012 U.S. App. LEXIS 1828 (4th. Cir.)................................................10

4

5 *C.F. Lewis v. ACB Business Servs., Inc.*
    135 F.3d 389 (6th Cir.1998) ...........................................................10

6 *Durso v. Summer Brook Preserve Homeowners Ass'n,*
    641 F. Supp. 2d 1256 (M.D. Fla. 2008) ..........................................6

7

8 *Fleming v Pickard, et al.,*
    581 F.3d 922 (9th Cir. 2009) ..........................................................6

9 *Graham v. ACS State & Local Solutions, Inc.*
    2006 U.S. Dist. LEXIS 73973 (D. Minn. Oct. 10, 2006)...................7

10

11 *Gulley v. Markooff & Krasny*
    664 F.3d 1073 (7th Cir. 2011) ........................................................6

12 *Hansen v. Ticket Track*
    280 F.Supp 2d 1196 (W.D. Wash. 2003) ...................................9, 10

13

14 *Hawthorne v. Mac Adjustment, Inc.*
    140 F.3d 1367 (11th Cir. 1998) ......................................................6

15 *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LLP*
    130 S. Ct 1605 ............................................................................14

16

17 *Riebe v. Juergensmeyer & Assocs.*
    979 F. Supp. 1218 (N.D. Ill. 1997)..................................................7

18 *Rosenthal v. Walker*
    111 U.S. 185, 28 L. Ed. 395, 4 S. Ct. 382 (1884) ...........................12

19

20 *Slenk v. Transworld Sys., Inc.*
    236 F.3d 1072 (9th Cir. 2001).........................................................5

21 *Turner, et al. v. Cook, et al.*
    362 F.3d 1219 (9th Cir. 2003).......................................................5, 6

22

23 *Wade v. Regional Credit Ass'n*
    87 F.3d 1098 (9th Cir. 1996) .........................................................11

24 *Waters v. Howard Sommers Towing, Inc.*
    2011 U.S. Dist. LEXIS 41346 (C.D. Cal. April 11, 2011)...........6, 7, 11

25

26 *Yazo v. Law Enforcement Sys.*
    2008 U.S. Dist. LEXIS 93345 (C.D. Cal. Nov. 7, 2008) ....................7

27 *Yazo v. Law Enforcement Sys.*
    2008 U.S. Dist. LEXIS 93345 (C.D. Cal. Nov. 7, 2008) ....................6

28

4827-7135-3615.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

<u>State</u>

2

*Amid* v. *Hawthorne Community Medical Group, Inc.*
   (1989) 212 Cal.App.3d 1383 [261 Cal.Rptr. 240] ........................................15

3

*Hills Trans. Co.* v. *Southwest*
   (1968) 266 Cal.App.2d 702 [72 Cal.Rptr. 441] ...............................................15

4

5

*Truong v. Nguyen*
   (2007) 156 Cal.App.4th 865 ..............................................................................5

6

7

<div align="center">STATUTES</div>

8

15 U.S.C. § 1692a(5) ..............................................................................................5, 6

9

15 U.S.C. § 1692k(c) ..................................................................................................14

10

15 U.S.C. § 1692k(d) ..................................................................................................14

11

Fed. R. Civ. P. § 56(d) ..................................................................................................5

12

*California Vehicle Code* § 21113 ............................................................................1, 8

13

*California Vehicle Code* § 21113(a) ...........................................................................8

14

*California Vehicle Code* § 40215 ...............................................................................8

15

*California Vehicle Code* § 40230(a) ...........................................................................9

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7135-3615.1

I.    **INTRODUCTION**

Plaintiff's Second Amended Complaint ("SAC") contains a single cause of action for violation of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's SAC alleges that Defendant is a debt collector attempting to collect on two parking citations involving Plaintiff's vehicle. Plaintiff allegedly sent Defendant a June 10, 2009, dispute letter which Defendant never responded to. Plaintiff further alleges that Defendant, by reporting the debt after Plaintiff sent the dispute letter, violated the FDCPA.

The entire SAC must fail as a matter of law because the specific debt allegedly owed by Plaintiff is not a "consumer debt" pursuant to the FDCPA. In addition, even if the debt was a consumer debt, Plaintiff's claim fails because Defendant did not receive any dispute from Plaintiff. Furthermore, even if Defendant did violate the FDCPA, which Defendant denies, any alleged violations were not intentional and were caused by a bona fide error. Finally, Plaintiff's entire FDCPA claim is barred by the FDCPA's one year statute of limitations.

II.   **STATEMENT OF FACTS**

A.    **Plaintiff's Vehicle Receives Two Citations Authorized By** ***California Vehicle Code Section* 21113**

On February 11, 2006, Plaintiff Donald G. Norris' vehicle received a citation at the R1E RC02 Parking Lot at UCLA, Citation Number 08050042. (Uncontroverted Facts and Conclusions of Law #1 ("UFCL")).   On February 12, 2006, Plaintiff's vehicle received a second citation at the same parking lot, Citation Number 03251810. (UFCL #2.) Both citations were because of failure to display a valid permit and were issued pursuant to *California Vehicle Code section* 21113. (UFCL #3.) As of April 2012, neither of the two citations has been paid. (UFCL #4.)

The parking lot where Plaintiff's vehicle received the citations has at all relevant times had a sign which informs everyone that violators are subject to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7135-3615.1

1

TURBO DATA SYSTEM'S, INC.'S MOTION FOR SUMMARY JUDGMENT

1  citation pursuant to *section* 21113. (UFCL #5.) UCLA parking tickets are issued in

2  accordance with the California Vehicle Code and as well as UCLA Parking

3  Regulations. UCLA is authorized through *California Vehicle Code Section*

4  21113(a) to establish parking regulations. (UFCL #6.) All citations are enforced by

5  UCLA Parking Enforcement. (UFCL #7.) Violation of the *California Vehicle Code*

6  will result in a fine issued by UCLA Parking Enforcement. (UFCL #8.) Both of

7  Plaintiff's tickets were issued because of the failure to display a permit, which is a

8  violation of CVC 21113A6 and resulted in the imposition of a fine by UCLA.

9  (UFCL #9.) Citations issued by UCLA cannot be waived unless the violator

10  establishes that the fine was issued in error. (UFCL #10.)

11      All violators, including Plaintiff, have 21 days to contest the citation as

12  provided by *California Vehicle Code Section* 40215. The violator has three levels

13  by which to appeal a ticket, (1) Level 1: Administrative Review; (2) Administrative

14  Hearing; and (3) Civil Review. (UFCL #11.) UCLA, pursuant to *California*

15  *Vehicle Code Section* 40230(a), allows for the ability to file a Civil Appeal at the

16  municipal court if the violator is not successful pursuant to Level 1 and Level 2.

17  (UFCL #12.) The citations issued to Plaintiff were never appealed. (UFCL #13.)

18      B.  **Defendant Has No Involvement With The Amount Of The Fine Or**

19          **The Parking Signs**

20      In the present matter the citations were not assigned to Defendant for

21  collection on the delinquent account until May 11, 2009. (UFCL #14.) Defendant

22  has never provided UCLA with any parking signs. (UFCL #15.) UCLA is

23  responsible for all parking signs at UCLA parking lots. (UFCL #16.) Defendant has

24  never had any involvement in setting the amount of the citation. (UFCL #17.)

25      Defendant Never Received Plaintiff's Alleged Dispute Letter

26      Defendant never received the dispute letter Plaintiff allegedly sent on June 10,

27  2009. (UFCL #18.) If Defendant would have received the dispute letter, Defendant

28  would have validated the debt and mailed a response back to Plaintiff. (UFCL #19.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7135-3615.1

2

TURBO DATA SYSTEM'S, INC.'S MOTION FOR SUMMARY JUDGMENT

1      C.      **Defendant Has Procedures In Place To Make Certain That Dispute**
2              **Letters Are Properly Dealt With**

3      Defendant has a courier service provided by Specialized Messenger Service

4      who goes to the post office every day to pick up mail from the post office box

5      allegedly used by Plaintiff to send the dispute letter. (UFCL #20.)  Defendant has

6      two persons each day assigned to sort through all the mail received for a particular

7      day. (UFCL #21.)  Each person responsible for sorting the mail has been personally

8      trained by a supervisor.  (UFCL #22.)  The training involves new employees

9      actually going side by side with a supervisor until the supervisor is comfortable that

10     the person is capable of performing the task. (UFCL #23.)  In addition, each person

11     is informed by the supervisor to ask the supervisor any questions they may have as

12     to the mail. (UFCL #24.)  In the present matter, since Plaintiff's alleged letter is

13     clearly a dispute letter, had Defendant received the letter it would have gone to the

14     correspondence pile.  (UFCL #25.)  In addition, if a correspondence letter is

15     accidentally put in the payment pile, the letter is put back into the correspondence

16     pile when the employee processing payments discovers that there is no check.

17     (UFCL #26.)

18     All dispute letters are then separated from the correspondence and put into a

19     separate pile. Employees, who have been trained side by side with a supervisor,

20     either draft a response letter or enter a summary of the dispute letter online.  (UFCL

21     #27.)  Unless UCLA informs Defendant not to pursue the debt, Defendant has a

22     policy of sending a response letter each time it gets a dispute letter from a debtor.

23     (UFCL #28.)  If Defendant does not send a response, a summary of the dispute

24     letter's content is put in Defendant's collection notes. (UFCL #29.)  If Defendant

25     would have received Plaintiff's letter, Defendant's collection notes would indicate

26     that either a response was sent back to Plaintiff or, if a response was not sent, a

27     summary of the content of the letter.  (UFCL #30.)  Since Defendant's collection

28     notes have no information regarding Plaintiff's letter, Defendant did not receive the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7135-3615.1

TURBO DATA SYSTEM'S, INC.'S MOTION FOR SUMMARY JUDGMENT

1  letter. (UFCL #31.) Furthermore, all employees are informed by their supervisor

2  not to discard any correspondence related to the debt or dispute letters. All

3  correspondence and dispute letters are stored for two years and then destroyed.

4  (UFCL #32.) If mail that is sent to Defendant was not being received, or if it was

5  being received and not handled properly, Defendant would expect to get complaints

6  on the consumer phone numbers (listed on the mailed letters) or complaints from

7  their customers, in this case UCLA, whom citizens could contact directly, neither of

8  which was happening in 2009 or happening now. (UFCL #33.)

9        D.   **Defendant's Procedures Have Worked Very Well**

10      Since 1985, when Defendant opened its doors, it has never been sued for a

11  violation of the FDCPA. (UFCL #34.) In addition, Defendant has never previously

12  had a situation where a debtor claims that he/she sent a dispute letter which

13  Defendant has no record of receiving. (UFCL #35.) In addition, Plaintiff never

14  contacted Defendant regarding the dispute letter until the present suit was filed.

15  (UFCL #36.)

16        E.   **Plaintiff Knew or Should Have Known About Alleged Violations**

17            **More Than One Year Prior To Filing Suit**

18      Defendant sent Plaintiff two letters on June 3, 2009, concerning the two

19  parking citations. Plaintiff received Defendant's letter prior to June 10, 2009.

20  (UFCL #37.) Defendant's June 3, 2009 letters "put Plaintiff on notice that failure to

21  resolve the obligation would result in almost immediate referral to at least one credit

22  rating agency." (UFCL #38.) In addition, Plaintiff's First Amended Complaint

23  "makes clear that Plaintiff knew of Defendant's alleged FDCPA violations in June

24  2009." (UFCL #39.) Defendant's June 3, 2009 letter put Plaintiff on notice that

25  failure to resolve the obligation would result in almost immediate referral to at least

26  one credit rating agency. (UFCL #40.) Plaintiff did not file the present suit until

27  July of 2011. (UFCL #41.)

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   **III.   STANDARD FOR MOTION FOR SUMMARY JUDGMENT**

2         A motion for summary judgment shall be granted if all the papers submitted

3   show that there is no triable issue as to any material fact and that the moving party is

4   entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(d).  In order to be

5   granted summary judgment, a defendant must show that one of the required

6   elements of the plaintiff's case cannot be established, or that there is an affirmative

7   defense to that cause of action. *Truong v. Nguyen* (2007) 156 Cal.App.4th  865, 874.

8   Once the defendant has made this showing, the burden shifts to the plaintiff to show

9   that a genuine issue of material fact exists as to that cause of action, element, or

10  defense. *Id.*  There is a genuine issue of material fact if, and only if, the evidence

11  would allow a reasonable trier of fat to find the underlying fact in favor of the party

12  opposing the motion. *Id.*

13  **IV.   DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AS TO**

14        **PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF THE**

15        **FDCPA**

16        A.   **The FDCPA Is Only Applicable If The Dispute Involves a Debt**

17             **Within The Meaning Of The Statute**

18        "Because not all obligations to pay are considered debts under the FDCPA, a

19  threshold issue in a suit brought under the Act is whether or not the dispute involves

20  a "debt" within the meaning of the statute. *Turner, et al. v. Cook, et al.*, 362 F.3d

21  1219, 1227 (9th Cir. 2003) (Citing *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072,

22  1075 (9th Cir. 2001.)  The FDCPA defines a "debt" as "any obligation or alleged

23  obligation of a consumer to pay money arising out of a transaction in which the

24  money, property, insurance, or services which are the subject of the transaction are

25  primarily for personal, family, or household purposes, whether or not such

26  obligation has been reduced to a judgment." 15 U.S.C. § 1692a(5).

27        The FDCPA does not define the term "transaction."  However, "transaction"

28  involves a "consensual or contractual arrangement, not damage obligations thrust

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7135-3615.1
5
TURBO DATA SYSTEM'S, INC.'S MOTION FOR SUMMARY JUDGMENT

1  upon one as a result of no more than her own negligence." *Turner, et al. v. Cook, et*

2  *al.*, 362 F.3d 1219, 1227-1228 (9th Cir. 2003) (Citing *Hawthorne v. Mac*

3  *Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998)); *Fleming v Pickard, et al.*, 581

4  F.3d 922 (9th Cir. 2009) (A consensual transaction must be the basis for a

5  transaction covered by the 15 U.S.C. Section 1692a(5)).  As this Court has

6  previously held: "the FDCPA limits its reach to those obligations to pay arising from

7  consensual transactions, where parties negotiate or contract for consumer-related

8  goods or services." *Waters v. Howard Sommers Towing, Inc.*, 2011 U.S. Dist.

9  LEXIS 41346 at *20 (C.D. Cal. April 11, 2011) (citing *Yazo v. Law Enforcement*

10  *Sys.*, 2008 U.S. Dist. LEXIS 93345 at *5 (C.D. Cal. Nov. 7, 2008); *See also Turner*,

11  362 F. 3d at 1227).

12          B.     **Parking Tickets Are Generally Not Debts Under The FDCPA**

13          Admittedly, this Court has previously found, in ruling on Defendant's Motion

14  for Judgment on the Pleadings, that some parking tickets are debts within the

15  FDCPA.  However, court's have generally held that <u>most</u> parking tickets are <u>not</u>

16  debts within the FDCPA.

17          The Seventh Circuit Court of Appeals in *Gulley v. Markoff & Krasny* 664

18  F.3d 1073, 1075 (7th Cir. 2011), in holding that municipal fines were not debts under

19  the FDCPA stated:

20                  "Apparently the question whether fines are "debts" under
                    the FDCPA has never arisen in a court of appeals (at least
21                  not in a precedential decision). Yet that issue has come up
                    frequently in the district courts, which have concluded
22                  uniformly that a fine does not stem from a consensual
                    transaction and thus is not a debt under the FDCPA. *See*
23                  *Reid v. Am. Traffic Solutions, Inc.*, Nos. 10-cv-204-JPG-
                    DGW & 10-cv-269-JPG, 2010 U.S. Dist. LEXIS 134518,
24                  2010 WL 5289108, at *4-5 (S.D. Ill. Dec. 20, 2010)
                    (concluding that fines for traffic violations are not debts
25                  under FDCPA); *Mills v. City of Springfield, Mo.*, No.
                    2:10-CV-04036-NKL, 2010 U.S. Dist. LEXIS 92031,
26                  2010 WL 3526208, at *15-16 (W.D. Mo. Sept. 3, 2010)
                    (same); *Durso v. Summer Brook Preserve Homeowners*
27                  *Ass'n*, 641 F. Supp. 2d 1256, 1264-65 (M.D. Fla. 2008)
                    (concluding that fines assessed against homeowner by
28                  homeowners association did not create debts under

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7135-3615.1

TURBO DATA SYSTEM'S, INC.'S MOTION FOR SUMMARY JUDGMENT

FDCPA); *Shannon v. ACS State & Local Solutions, Inc.,* No. 08-594(DSD/SRN), 2008 U.S. Dist. LEXIS 43368, 2008 WL 2277814, at *1 (D. Minn. May 30, 2008) (holding that fines levied by county for parking violation and failure to register vehicle did not meet criteria for FDCPA debts); *Williams v. Redflex Traffic Sys., Inc.,* No. 3:06-cv-400, 2008 U.S. Dist. LEXIS 22723, 2008 WL 782540, at *5 (E.D. Tenn. Mar. 20, 2008) (holding that unpaid traffic fine is not debt under FDCPA), *aff'd on other grounds,* 582 F.3d 617 (6th Cir. 2009); *Yon v. Alliance One Receivables Mgmt., Inc.,* No. 07-61362-Civ, 2007 U.S. Dist. LEXIS 89492, 2007 WL 4287628, at *1 (S.D. Fla. Dec. 5, 2007) (same); *Harper v. Collection Bureau of Walla Walla, Inc.,* No. C06-1605-JCC, 2007 U.S. Dist. LEXIS 88993, 2007 WL 4287293, at *7 (W.D. Wash. Dec. 4, 2007) (same); *Graham v. ACS State & Local Solutions, Inc.,* No. 0:06-cv-2708-JNE/JJG, 2006 U.S. Dist. LEXIS 73973, 2006 WL 2911780, at *2 (D. Minn. Oct. 10, 2006) (concluding that unpaid parking tickets do not qualify as debts under FDCPA); *Riebe v. Juergensmeyer & Assocs.,* 979 F. Supp. 1218, 1221-22 (N.D. Ill. 1997) (concluding that unpaid fine imposed for overdue library book is not debt under FDCPA). We agree with these decisions and, as did the district court, conclude that the municipal fines levied against Gulley cannot reasonably be understood as "debts" arising from consensual consumer transactions for goods and services."

In *Yazo v. Law Enforcement Sys.,* 2008 U.S. Dist. LEXIS 93345 (C.D. Cal. Nov. 7, 2008), a case which, just like the present matter, involved fines imposed as a result of a statutory violation, the Court held: "Because these are fines imposed as a result of a statutory violation, they were not incurred through a consensual transaction and fall outside the scope of the FDCPA's definition of debt."

Since a parking ticket/citation is not a consensual arrangement, a parking ticket/citation is not a "debt" within the meaning of the FDCPA. *Waters v. Howard Sommers Towing, Inc.,* 2011 U.S. Dist. LEXIS 41346 at *21; *Graham v. ACS State & Local Solutions, Inc.,* 2006 U.S. Dist. LEXIS 73973 (D. Minn. Oct. 10, 2006). The Court in *Waters,* in dismissing Plaintiff's case stated: "Plaintiff's argument that he consented to the obligation to pay parking tickets is unavailing because the issuance of a parking ticket itself was not a consensual arrangement." *Waters v. Howard Sommers Towing, Inc.,* 2011 U.S. Dist. LEXIS 41346 at *20.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1           1.     **The Parking Citation In The Present Matter Is Not Debt**

2                     **Within the FDCPA**

3        Here, the undisputed evidence establishes that the ticket Defendant attempted

4 to collect from Plaintiff was a fine imposed due to a statutory violation and did not

5 arise out of a consensual transaction; On February 11, 2006, Plaintiff Donald G.

6 Norris' vehicle received a citation at the R1E RC02 Parking Lot at UCLA, Citation

7 Number 08050042. (Separate Statement of Undisputed Material Facts #1

8 ("UFCL")). On February 12, 2006, Plaintiff's vehicle received a second citation at

9 the same parking lot, Citation Number 03251810. (UFCL # 2.) Both citations were

10 because of failure to display a valid permit and were issued pursuant to *California*

11 *Vehicle Code section 21113.* (UFCL # 3.) As of April 2012, neither of the two

12 citations has been paid. (UFCL #4.)

13        The parking lot where Plaintiff received the citations has at all relevant times

14 had a sign which informs everyone that violators are subject to citation pursuant to

15 21113. (UFCL # 5.) UCLA parking tickets are issued in accordance with the

16 *California Vehicle Code* and as well as UCLA Parking Regulations. UCLA is

17 authorized through *California Vehicle Code section* 21113(a) to establish parking

18 regulations. (UFCL # 6.) All citations are enforced by UCLA Parking

19 Enforcement. (UFCL # 7.) Violation of the *California Vehicle Code* will result in a

20 fine issued by UCLA Parking Enforcement. (UFCL # 8.) Both of Plaintiff's tickets

21 were issued because of the failure to display a permit, which is a violation of CVC

22 21113A6 and resulted in the imposition of a fine by UCLA. (UFCL #9.) Citations

23 issued by UCLA cannot be waived unless the violator establishes that the fine was

24 issued in error. (UFCL #10.)

25        All violators, including Plaintiff, have 21 days to contest the citation as

26 provided by *California Vehicle Code section* 40215. The violator has three levels

27 by which to appeal a ticket, (1) Level 1: Administrative Review; (2) Administrative

28 Hearing; and (3) Civil Review. (UFCL #11.) UCLA, pursuant to *California*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7135-3615.1

8

TURBO DATA SYSTEM'S, INC.'S MOTION FOR SUMMARY JUDGMENT

1  *Vehicle Code Section* 40230(a), allows for the ability to file a Civil Appeal at the

2  municipal court if the violator is not successful pursuant to Level 1 and Level 2.

3  (UFCL #12.)  The citations issued to Plaintiff were never appealed.  (UFCL #13.)

4      In the present matter the citations were not assigned to Defendant for

5  collection on the delinquent account until May 11, 2009.  (UFCL #14.)  Defendant

6  has never provided UCLA with any parking signs.  (UFCL #15.)  UCLA is

7  responsible for all parking signs at UCLA parking lots.  (UFCL #15.) Defendant has

8  never had any involvement in setting the amount of the citation.  (UFCL #16.)

9          (a)    **This Case Is Distinguishable From The Hansen**

10                **Decision**

11      In *Hansen v. Ticket Track*, 280 F.Supp 2d 1196, 1203-1204 (W.D. Wash.

12  2003) the only case of which Defendant is aware holding that some parking tickets

13  are debts within the FDCPA, the debt collector defendant argued that "it had an

14  implied contract with each of the members of the plaintiff class, and that such

15  contract included a clause for additional fees to be imposed in the event that a

16  customer failed to pay the required parking fee."  *Hansen* at 1201.  The Court in

17  *Hansen* held that "Defendant cannot have it both ways.  On the one hand, defendant

18  argues that there is an implied contract that its customers have breached by failing to

19  pay the appropriate fees.  On the other hand, defendant argues that no "debt" is

20  created within the meaning of the act because the customers are stealing services."

21  *Hansen* at 1201

22      In the present matter, Defendant and/or UCLA have never argued that

23  Plaintiff's fine was somehow the result of an implied contract.  Plaintiff's ticket was

24  a fine, authorized by the *California Vehicle Code*, for a parking violation.  The fact

25  that this is a fine, not a contract, is further evidenced by the fact that, pursuant to

26  *California Vehicle Code Section* 40230(a), Plaintiff had three levels by which to

27  appeal the ticket, including an appeal to the municipal court.  This appeals process

28  applies to all UCLA parking tickets.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  While the *Hansen* matter deals with a private parking company charging fees,
2  UCLA is a public University, which are authorized by the California Vehicle Code
3  to issue fines.

4  The parking sign in *Hansen*, which unlike here was provided by the debt
5  collector, informed violators that they "will be charged an additional $50 violation
6  fee 24 hours a day collected by Ticket Track." *Hansen* at 1198.

7  UCLA's parking sign, which UCLA provides, included the following
8  statement:

9  VIOLATORS ARE SUBJECT TO CITATION - 21113(A)CVC

10  As such, there is no question that the ticket Defendant sought to collect upon
11  was a fine, authorized by the *California Vehicle Code*, and not the type of
12  contractual $50 violation fee involved in *Hansen*. In addition, UCLA parking
13  citations are not waived unless the violator can establish that the ticket was
14  wrongfully issued. The fee in *Hansen* was waived if the customer later paid for the
15  parking. *Hansen* at 1198.

16  C.  **Defendant's Collection Letters Does Not Establish That Plaintiff's**
17      **Parking Ticket Was a Consumer Debt**

18  Defendant expects Plaintiff to argue that Defendant's collection letters
19  establish that this was indeed a consumer debt. However, as several Courts have
20  already held, this argument is simply absurd. First, Defendant's letters specifically
21  states that the debt is a "PARKING CITATION."

22  Second, the Fourth Circuit Court of Appeals in *Boosada v. Providence Dane,*
23  *LLC.* 2012 U.S. App. LEXIS 1828 at 8-9 (4th. Cir.) stated:

24      "The FDCPA defines consumer debt, not a debt collector's
        disclaimer. Moreover, if the use of the statutorily required
25      disclaimer is sufficient to establish an FDCPA claim, debt
        collectors will be placed in a conundrum, exposed to
26      liability for both including the disclaimer and omitting it.
        *C.F. Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389,
27      399-400 (6th Cir.1998) ("[t]o punish [debt collector] for
        compliance with § 1692e(11) [by disclosing that it is an
28      'attempt to collect on a debt' would be an absurd result

4827-7135-3615.1
10

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  that we decline to reach."); *Wade v. Regional Credit*
2  *Ass'n*, 87 F.3d 1098, 100 (9th Cir. 1996) (Finding no
   FDCPA violation based on "informational" disclaimer and
3  noting that the debt collector "would have violated the Act
   had it not included this statement). Put simply, a debt
4  collector should not be penalized for taking the precaution
   of including the disclaimer within its initial written
5  communication to the debtor, in the event the debt is
   subject to the FDCPA."

6  As such, the FDCPA, not the conduct of the debt collector, establishes if the

7  debt is subject to the FDCPA.

8      D.    **If The Debt In The Current Matter is Held To Be A Debt pursuant**

9              **to the FDCP, All Parking Tickets In California Would Be Debts**

10              **Pursuant to the FDCPA**

11  Since the tickets issued in the present matter was authorized pursuant to the

12  *California Vehicle Code*, a holding that the subject citation is a consumer debt

13  would effectively establish that all parking tickets are debts in California. It is

14  simply impossible to distinguish the ticket in the current matter, from any other

15  parking tickets issued by cities, counties and municipalities. Since the Court in

16  *Waters v. Howard Sommers Towing, Inc.*, 2011 U.S. Dist. LEXIS 41346 at *20

17  (C.D. Cal. April 11, 2011) has already held that some parking tickets are not

18  consumer debts, this Court should hold that the present ticket, which was issued

19  pursuant to authority from the *California Vehicle Code*, is not a consumer debt.

20  **V.    EVEN IF THE DEBT WAS A CONSUMER DEBT, WHICH IT IS NOT,**

21       **DEFENDANT DID NOT VIOLATE THE FDCPA BECAUSE**

22       **DEFENDANT NEVER RECEIVED PLAINTIFF'S ALLEGED**

23       **DISPUTE LETTER**

24  Plaintiff's entire complaint is based on the June 10, 2009, letter that Plaintiff

25  allegedly sent to Defendant. However, Plaintiff has not provided any evidence that

26  he sent the letter and Defendant never received a copy of the letter. Furthermore,

27  Plaintiff never called Defendant regarding the letter or regarding any other matters.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7135-3615.1

TURBO DATA SYSTEM'S, INC.'S MOTION FOR SUMMARY JUDGMENT

1  Since Defendant did not know that the debt was disputed, Defendant did not violate

2  the FDCPA by failing to verify the debt, or by reporting the debt.

3      A.   **Defendant Can Rebut The Mailbox Rule**

4         Under the common law mailbox rule, proper and timely mailing of a

5  document raises a rebuttable presumption that it is received by the addressee.

6  *Rosenthal v. Walker,* 111 U.S. 185, 193-941, 28 L. Ed. 395, 4 S. Ct. 382 (1884).

7  Even if Plaintiff could establish that he had sent the letter and this Court determines

8  that the common law mailbox rule applies, Defendant is able to rebut the

9  presumption under the mailbox rule as follows:

10         Defendant never received the dispute letter Plaintiff allegedly sent on June 10,

11  2009. (UFCL #18.) If Defendant would have received the dispute letter, Defendant

12  would have validated the debt and mailed a response back to Plaintiff. (UFCL #19.)

13         Defendant has a courier service provided by Specialized Messenger Service

14  who goes to the post office every day to pick up mail from the post office box

15  allegedly used by Plaintiff to send the dispute letter. (UFCL #20.) Defendant has

16  two persons each day assigned to sort through all the mail received for a particular

17  day. (UFCL #21.) Each person responsible for sorting the mail has been personally

18  trained by a supervisor. (UFCL #22.) The training involves new employees

19  actually going side by side with a supervisor until the supervisor is comfortable that

20  the person is capable of performing the task. (UFCL #23.) In addition, each person

21  is informed by the supervisor to ask the supervisor any questions they may have as

22  to the mail. (UFCL #24.) In the present matter, since Plaintiff's alleged letter is

23  clearly a dispute letter, had Defendant received the letter, it would have gone to the

24  correspondence file. (UFCL #25.) In addition, if a correspondence letter is

25  accidentally put in the payment pile, the letter is put back into the correspondence

26  pile when the employee processing payments discovers that there is no check.

27  (UFCL #26.)

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   All dispute letters are then separated from the correspondence and put into a

2   separate pile. Employees, who have been trained side by side with a supervisor,

3   either drafts a response letter or enter a summary of the dispute letter online. (UFCL

4   #27.) Unless UCLA informs Defendant not to pursue the debt, Defendant has a

5   policy of sending a response letter each time it gets a dispute letter from a debtor.

6   (UFCL #28.) If Defendant does not send a response, a summary of the dispute

7   letter's content is put in Defendant's collection notes. (UFCL #29.) If Defendant

8   would have received Plaintiff's letter, Defendant's collection notes would indicate

9   that either a response was sent back to Plaintiff or, if a response was not sent, a

10  summary of the content of the letter. (UFCL #30.) Since Defendant's collection

11  notes have no information regarding Plaintiff's letter, Defendant did not receive the

12  letter. (UFCL #31.) Furthermore, all employees are informed by their supervisor

13  not to discard any correspondence related to the debt or dispute letters. All

14  correspondence and dispute letters are stored for two years and then destroyed.

15  (UFCL #32.) If mail that is sent to Defendant was not being received, or if it was

16  being received and not handled properly, Defendant would expect to get complaints

17  on the consumer phone numbers (listed on the mailed letters) or complaints from

18  their customers, in this case UCLA, whom citizens could contact directly, neither of

19  which was happening in 2009 or happening now. (UFCL #33.)

20  Since 1985, when Defendant opened its doors, it has never been sued for a

21  violation of the FDCPA. (UFCL #34.) In addition, Defendant has never previously

22  had a situation where a debtor claims that he/she sent a dispute letter which

23  Defendant has no record of receiving. (UFCL #35.) In addition, Plaintiff never

24  contacted Defendant regarding the dispute letter until the present suit was filed.

25  (UFCL #36.)

26  Defendant, as evidenced by it never having been sued for an FDCPA

27  violation in over 20 years, has procedures in place to make sure that mail it receives

28  is properly dealt with.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7135-3615.1

TURBO DATA SYSTEM'S, INC.'S MOTION FOR SUMMARY JUDGMENT

1    B.    **Even If Defendant Cannot Rebut The Mailbox Rule, Defendant Is**
2          **Protected By The Bonafide Error Defense**

3          "Section 813(c) of the Act, 15 U.S.C. § 1692k(c), provides that a debt
4    collector is not liable in an action brought under the Act if he can show "the
5    violation was not intentional and resulted from a bona fide error not withstanding
6    the maintenance of procedures reasonably adapted to avoid any such error." *Jerman*
7    *v. Carlisle, McNellie, Rini, Kramer & Ulrich LLP* 130 S. Ct 1605.

8          First, Since the dispute was never received by Defendant, any violation of the
9    FDCPA  was clearly not intentional.

10         Second, as described above, Defendant had reasonable procedures in place to
11   avoid mail getting lost.  The fact that Defendant's procedures were reasonable is
12   confirmed by the fact that Defendant has never been sued for a violation of the
13   FDCPA.

14   C.    **Plaintiff's FDCPA Claim Is Also Barred By The FDCPA's One**
15         **year Statute Of Limitations**

16         Even if the FDCPA does apply to the subject debt, which it clearly does not,
17   Plaintiff's FDCPA claim is time barred.  Plaintiff filed this action on July 12, 2011,
18   more than two years after he received the letters from Defendant and more than two
19   years after Plaintiff allegedly sent a letter disputing the debt to Plaintiff.  All of
20   Plaintiff's allegations stem from Defendants two letters and Plaintiff's alleged letter.
21   Defendant reported the debt.  Pursuant to 15 U.S.C. § 1692k(d), an action to enforce
22   any liability under the FDCPA may be brought within one year on the date of which
23   the violation occurs.

24         As this Court held in ruling upon Defendant's demurrer to Plaintiff's First
25   Amended Complaint:

26         "The FAC makes clear that Plaintiff knew of Defendant's
          alleged FDCPA violations in June 2009 (FAC ¶¶ 10-14.)
27         And even if Plaintiff never obtained a credit report,
          Defendant's June 3, 2009 letter put Plaintiff on notice that

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1            failure to resolve the obligation would result in almost
immediate referral to at least once credit rating agency."

2

3 (Order on Motion for Judgment on the Pleadings.)

     Plaintiff's Second Amended Complaint attempts avoid the Court's ruling that

4

5 Plaintiff knew about FDCPA violations in June 2009 by leaving out the facts

6 regarding the letter violating the FDCPA.  However: "A pleader may not attempt to

7 breathe life into a complaint by omitting relevant facts which made his previous

8 complaint defective." *Hills Trans. Co.* v. *Southwest* (1968) 266 Cal.App.2d 702,

9 713 [72 Cal.Rptr. 441]. Moreover, any inconsistencies with prior pleadings must be

10 explained; if the pleader fails to do so, the court may disregard the inconsistent

11 allegations. *Amid* v. *Hawthorne Community Medical Group, Inc.* (1989) 212

12 Cal.App.3d 1383, 1390 [261 Cal.Rptr. 240].

13      In addition, this Court's ruling that Defendant's June 3, 2009, letter put

14 Plaintiff on notice that Defendant would report the debt unless it was resolved is still

15 applicable to the SAC.

16      Accordingly, Plaintiff's FDCPA claim is barred by the statute of limitations.

**V.**   **CONCLUSION**

17      For the reasons set forth herein, and in the moving papers, Defendant requests

18 that this Court grant the instant motion and enter judgment in its favor against the

19 Plaintiff.

20

21 DATED: April 25, 2012           LEWIS BRISBOIS BISGAARD & SMITH LLP

22

23

24                        By:      /s/ Patrik Johansson

25                            Patrik Johansson

26                            Attorneys for Defendant, TURBO DATA
SYSTEMS, INC.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    ## FEDERAL COURT PROOF OF SERVICE

2    Norris v. Turbo Data - File No. 31978.02

3    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4        At the time of service, I was over 18 years of age and not a party to the action.
My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, CA
5    90012.  I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

6
    On April 25, 2012, I served the following document(s): **DEFENDANT**
7    **TURBO DATA SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE;**
8    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**THEREOF**

9
    I served the documents on the following persons at the following addresses
10   (including fax numbers and e-mail addresses, if applicable):

11   Douglas F. Galanter, Esq.
Thomas c. Seabaugh, Esq.
12   NORRIS & GALANTER LLP
555 West Fifth Street, 31st Street
13   Los Angeles, California  90013
Tel:  (213) 996-8439
14   Fax:  (213) 996-8475
Email:  tseabaugh@norgallaw.com

15   The documents were served by the following means:

16   ☒    (BY PERSONAL SERVICE)  I personally delivered the documents to the
17   persons at the addresses listed above.  Delivery was made ☒ to the party or
attorney listed above, or ☐ at the party or attorney's office by leaving the
18   documents in an envelope or package clearly labeled to identify the party or
attorney being served with a receptionist or individual apparently in charge of
19   the office, or ☐ at the time of delivery, there appeared to be no one in charge,
and the envelope of package clearly labeled to identify the party or attorney
20   being served was left in a conspicuous place.

21       I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.
22
Executed on April 25, 2012, at Los Angeles, California.
23

24

25   _____
          ROSA E. ROJAS
26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7135-3615.1

TURBO DATA SYSTEM'S, INC.'S MOTION FOR SUMMARY JUDGMENT